## CROMWELL et al. v. NICHOLS et al.

(Supreme Court, Appellate Division, Second Department. February 14, 1913.)

1. TAXATION (§ 788*)—TAX TITLES—LEASE—PRESUMPTION.

On the production of a tax lease, it is presumed that the tax was legally imposed, and the proceedings and sale regular.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1555, 1557, 1559–1569; Dec. Dig. § 788.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. APPEAL AND ERROR (§ 1170*)—DISPOSITION ON APPEAL—TECHNICAL ER-
      RORS DISREGARDED.

    In view of the express provision of Code Civ. Proc. § 1317, as amended
by Laws 1912, c. 380, inconsistency in the conclusions of law adopted by
the trial court, not affecting any substantial rights of the parties, does
not require a disturbance of the judgment.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032,
4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

Appeal from Special Term, Queens County.

Action by Hester A. Cromwell and others against Robert C. Nich-
ols and others. From part of an interlocutory judgment of the Spe-
cial Term, plaintiffs and certain defendants appeal. Judgment, so
far as appealed from, affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR,
THOMAS, and CARR, JJ.

H. R. Noyes, of New York City, for appellants Cromwell et al.

Clarence R. Freeman, of New York City, for appellants Nichols
et al.

James W. Treadwell, of New York City (Joseph F. Keany, of New
York City, on the brief), for respondent.

PER CURIAM. [1] The question as to the presumption arising
from the tax lease involved in this action was necessarily involved in
the decision made in Lott v. De Graw, 30 Hun, 417. An examination
of the printed record on appeal in that case shows that this precise
question was sharply and elaborately presented to the court by the
briefs of the respective counsel. We do not feel at liberty, under the
circumstances, to consider that question now open in this court, in view
of the fact that it has stood unquestioned for a generation or more,
and may be considered to have become the rule as to the statutes in
question, all of which have been long since repealed. As to the con-
flict of presumptions arising from the proofs offered by the plaintiff,
we are of opinion that a question of fact was presented for the de-
termination of the trial court, and that its decision thereon is support-
ed by the evidence and should not be disturbed on appeal.

[2] Whatever inconsistency may appear in the conclusions of law
adopted by the trial court does not require any disturbance of the
judgment on this appeal, in view of the power conferred upon this
court by section 1317 of the Code of Civil Procedure, as amended in
1912 (Laws 1912, c. 380).

The interlocutory judgment, in so far as appealed from, is affirmed
with costs.

